# In the United States Court of Federal Claims

No. 20-499

(Filed: June 15, 2022)

_____

|                              |   )   |
|------------------------------|-------|
| **GILEAD SCIENCES, INC.,**   | )     |
|                              | )     |
| Plaintiff,                   | )     |
|                              | )     |
| v.                           | )     |
|                              | )     |
| **UNITED STATES,**           | )     |
|                              | )     |
| Defendant.                   | )     |
|                              | )     |

## FINAL PRETRIAL ORDER

Pursuant to Rule 16(e) of the Rules of the Court of Federal Claims, this Final Pretrial Order recites the actions taken during the pretrial conference conducted in this case on June 15, 2022.

1. Trial is scheduled for June 23 to July 1, 2022, at the National Courts Building in Courtroom 4. Trial will begin at 9:30 a.m. and conclude at 5:00 p.m. on the first day of trial. Thereafter, trial will begin at 9:00 a.m. and conclude at 5:00 p.m. each business day.

2. Opening statements will be made on June 23, 2022. Each side shall have 30 minutes for this purpose.

3. (a) Plaintiff and defendant shall each be allotted 22 hours for the presentation of evidence, testimony, and cross-examination.

   (b) Such allotments will not include time spent engaging in arguments on evidentiary motions, time spent by the court asking questions of witnesses, or time spent addressing housekeeping details.

4. The parties have indicated that they are aware of no issues related to the authenticity of any proposed trial exhibits. All documents produced in discovery are presumed to be authentic other than handwritten notes, which will be deemed authentic if supported by appropriate testimony. The presumption of authenticity may be rebutted by appropriate evidence.

5. If a witness listed in either party's witness list is necessary to support or negate the admissibility of a document to which an objection has been made, any party may call or recall that witness during its case in chief to testify concerning the factual foundation relating to the admissibility of that document.

6. The parties shall provide to the court at the outset of the trial two copies of a list containing the following three columns: (1) the identifying number for each exhibit, (2) a blank space for the court to enter the name of the witness through whom the exhibit is sought to be admitted, and the names of the witnesses who otherwise address the exhibit, and (3) a blank space for the court to enter the disposition of any request to admit that exhibit.

7. During trial, the original "stickered" version of exhibits shall be provided to the witnesses, and thereafter exhibits admitted into evidence shall be maintained by the reporter as part of the official record of the trial. The court shall be provided with two copies of each exhibit proffered to a witness at trial, for use at trial by the court and clerk during the examination of the pertinent witnesses and thereafter. The parties shall provide exhibits in witness-specific binders.

8. To constitute part of the factual record, each exhibit must be formally moved into evidence and admitted into evidence.

9. Counsel shall not engage in substantive discussions with a witness while any portion of that witness's examination is pending.

10. (a) *Voir dire* of any witness offered as an expert shall be conducted, and such witness must be qualified and accepted by the court as an expert, prior to any substantive testimony by such witness.

    (b) The court anticipates that expert reports will be admitted into evidence after a suitable foundation has been provided for such admission.

11. Counsel should stand when addressing the court, and in particular, when raising objections or seeking to be heard during testimony.

12. For witnesses called by more than one party, the scope of cross-examination of such witnesses may exceed the scope of direct examination, provided that no examination may extend beyond the scope of the subject-matter descriptions provided on the parties' witness lists.

13. Fact witnesses shall be excluded from the courtroom during the testimony of other witnesses pursuant to Fed. R. Evid. 615, excepting a party's designated represenative.

14. Each party shall provide copies of its demonstrative exhibits to opposing counsel 24 hours in advance of use at trial. A demonstrative exhibit does not include

        copies of pages from exhibits or proposed exhibits, copies of trial transcripts, bullet-point argument summaries, or items generated on the stand.  A demonstrative exhibit does include bullet points with numerical data or calculations.  This provision applies to demonstrative exhibits used in rebuttal, except when good cause is shown for an exception.

    A schedule for posttrial briefing and closing argument shall be arranged at the close of trial.

    It is so **ORDERED**.

                                              s/ Charles F. Lettow  
                                            Charles F. Lettow  
                                            Senior Judge